DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BYRON MCGRAW**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-232

[April 1, 2020]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Leonard Hanser, Judge; L.T. Case No. 50-2016-CT-013594-AXXX-NB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

**ON REMAND FROM THE FLORIDA SUPREME COURT**

KUNTZ, J.

On March 21, 2018, we answered in the affirmative the following rephrased question from the county court:

> Under the Fourth Amendment, may a warrantless blood draw of an unconscious person, incapable of giving actual consent, be pursuant to section 316.1932(1)(c), Florida Statutes (2016) ("Any person who is incapable of refusal by reason of unconsciousness or other mental or physical condition is deemed not to have withdrawn his or her consent to [a blood draw and testing].), so that an unconscious defendant can be said to have "consented" to the blood draw?

*McGraw v. State* (*McGraw I*), 245 So. 3d 760, 762 (Fla. 4th DCA 2018) (alteration in original). Based on our answering the rephrased certified question in the affirmative, we affirmed the county court's denial of the

Defendant's motion to suppress.[1]  *Id.*  Later, we certified a question of great public importance to the Florida Supreme Court.  *Id.* at 777-78 (on motion for certification of question).

While the appeal from our certified question was pending in the Florida Supreme Court, the United States Supreme Court considered "a materially indistinguishable issue relating to a similar Wisconsin statute and vacated the Wisconsin Supreme Court's decision, which had analyzed the Fourth Amendment issue using the 'consent' framework of the statute."  *McGraw v. State* (*McGraw II*), No. SC18-792, 2019 WL 6333909, at *1 (Fla. Nov. 27, 2019) (citing *Mitchell v. Wisconsin*, 139 S. Ct. 2525, 2531-32, 2539 (2019)).

In *Mitchell*, the United States Supreme Court issued a plurality opinion written by Justice Alito, and joined by three justices, that concluded:

> When police have probable cause to believe a person has committed a drunk-driving offense and the driver's unconsciousness or stupor requires him to be taken to the hospital or similar facility before police have a reasonable opportunity to administer a standard evidentiary breath test, they may almost always order a warrantless blood test to measure the driver's BAC without offending the Fourth Amendment.

*Mitchell*, 139 S. Ct. at 2539 (plurality opinion).  But the plurality did "not rule out the possibility that in an unusual case a defendant would be able to show that his blood would not have been drawn if police had not been seeking BAC information, and that police could not have reasonably judged that a warrant application would interfere with other pressing needs or duties."  *Id.* (plurality opinion).  Because Mitchell did not have an opportunity to present that argument in the trial court, the United States Supreme Court vacated the Wisconsin Supreme Court's decision and remanded the case for further proceedings.  *Id.* (plurality opinion).

Justice Thomas concurred in the Court's judgment.  *Id.*  He explained that the Court adopted a "difficult-to-administer rule" and that a per se rule allowing a warrantless blood draw from an unconscious driver was the "better" way to resolve the case.  *Id.* (Thomas, J., concurring in judgment) (quoting *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2197 (2016)

---

[1] Judge Gross dissented from our holding in *McGraw I*.  245 So. 3d at 770 (Gross, J., dissenting in part, concurring in part).  But he concurred in the Court's decision to grant the motion to certify the question as one of great public importance.  *Id.* at 778 n.1 (on motion for certification of question).

(Thomas, J., concurring in judgment in part and dissenting in part)).  He concurred only in the judgment in *Mitchell* because the plurality "adopt[ed] a rule more likely to confuse than clarify."  *Id.* at 2541 (Thomas, J., concurring in judgment).

Justice Sotomayor dissented, joined by Justices Ginsburg and Kagan.  *Id.*  She wrote that "the plurality needlessly casts aside the established protections of the warrant requirement in favor of a brand new presumption of exigent circumstances that Wisconsin does not urge[] . . . ."  *Id.* (Sotomayor, J., dissenting).

Finally, Justice Gorsuch dissented on different grounds, explaining that he "would have dismissed this case as improvidently granted and waited for a case presenting the exigent circumstances question."  *Id.* at 2551 (Gorsuch, J., dissenting).

After the United States Supreme Court issued its judgment in *Mitchell*, the Florida Supreme Court vacated *McGraw I*.  *McGraw II*, 2019 WL 6333909, at *3.  The Florida Supreme Court held that "[b]ecause this case falls squarely within the rule announced in *Mitchell*, the warrantless blood draw in this case appears to be legal."  *Id.*  But, "[c]onsistent with *Mitchell*," the court also

> remand[ed] with directions that the case be remanded to the County Court of Palm Beach County so that McGraw can be given an opportunity to demonstrate that his blood would not have been drawn if police had not been seeking BAC information, and that police could not have reasonably judged that a warrant application would interfere with other pressing needs or duties.

*Id.*

As directed, we remand this case to the county court for further proceedings not inconsistent with the Florida Supreme Court's opinion.

*Remanded for further proceedings.*

GROSS and GERBER, JJ., concur.

*            *            *

**Not final until disposition of timely filed motion for rehearing.**

3